1   Samantha D. Hardy (Cal. Bar No. 199125)
    shardy@sheppardmullin.com
2   Keith A. Goodwin (Cal. Bar No. 294475)
3   kgoodwin@sheppardmullin.com
    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
4   501 West Broadway, 19th Floor
    San Diego, CA 92101-3598
5   Telephone:   (619) 338-6500
6   Facsimile:    (619) 234-3815

7
    Attorneys for Defendants,
8   SHASHAMANE GROUP LLC and ROHAN ANTHONY MARLEY

9

10                **UNITED STATES DISTRICT COURT**

11    **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

12

13   CHLOE VILLANO, an individual,        | Case No. 2:23-cv-04320-ODW-AFM

14              Plaintiff,                 | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN**
15         v.                             | **SUPPORT OF MOTION TO DISMISS**
                                          | **PLAINTIFF'S COMPLAINT OR, IN**
16   SHASHAMANE GROUP LLC, a              | **THE ALTERNATIVE, TRANSFER**
     Delaware limited liability company;  | **VENUE TO THE SOUTHERN**
17   ROHAN ANTHONY MARLEY, an             | **DISTRICT OF FLORIDA**
     individual; and DOES 1-10, inclusive,
18
19              Defendants.               | Date:    September 11, 2023
                                          | Time:    1:30 p.m.
20                                        | Place:   350 W. 1st Street, Courtroom 5D
                                          |          Los Angeles, CA 90012
21                                        | Judge:   Hon. Otis D. Wright II
22
                                          | Action Filed: June 1, 2023
23                                        | Trial Date: TBD
24

25

26

27

28

-1-

# **TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................8

II.    BACKGROUND .....................................................................................9

    A.     The Defendants.............................................................................9

    B.     Plaintiff's Brief Tenure with Shashamane ..................................10

    C.     Plaintiff's Lawsuit .....................................................................11

III.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION .............11

    A.     Standard of Review .....................................................................11

    B.     The Court Lacks Personal Jurisdiction over Defendants.............13

        1.     This Court Cannot Exercise General Jurisdiction .............13

        2.     This Court Cannot Exercise Specific Jurisdiction .............15

IV.    MOTION TO DISMISS FOR IMPROPER VENUE...........................................17

    A.     Standard of Review .....................................................................17

    B.     This Court Is an Improper Venue................................................18

V.     MOTION TO TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA ....22

VI.    MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.........................24

    A.     Standard of Review .....................................................................24

    B.     The Complaint Does State a Plausible Claim for Relief Because It Is Based on California Laws That Do Not Apply to Plaintiff...........................24

VII.   CONCLUSION.....................................................................................27

SMRH:4860-0505-2019.4

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>

*3123 SMB LLC v. Horn,*
    880 F.3d 461 (9th Cir. 2018) ......................................................................... 23

*Allstar Marketing Group, LLC v. Your Store Online, LLC,*
    666 F.Supp.2d 1109 (C.D. Cal. 2009) ........................................................... 22

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................................ 24

*Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas,*
    571 U.S. 49 (2013) ................................................................................... 17, 18

*Bristol-Myers Squibb Co. v. Superior Court of California,*
    582 U.S. 255 (2017) ................................................................................. 13, 15

*Brown v. Electronic Arts, Inc.,*
    724 F.3d 1235 (9th Cir. 2013) ....................................................................... 24

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ................................................................................. 13, 16

*Campbell v. Arco Marine, Inc.,*
    42 Cal. App. 4th 1850 (1996) ........................................................................ 25

*City of Moorpark v. Superior Court,*
    18 Cal. 4th 1143 (1998) ................................................................................. 26

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014) ................................................................................. 13, 14

*Data Disc, Inc. v. System Technology Associates, Inc.,*
    557 F.2d 1280 (9th Cir. 1977) ................................................................. 11, 12

*Dodd-Owens v. Kyphon, Inc.,*
    No. 5:06-cv-3988, 2007 WL 420191 (N.D. Cal. Feb. 5, 2007) ..................... 25

*Fernandez v. Tox Corp.,*
    No. 2:22-cv-09079, ___ F.Supp.3d ___, 2023 WL 4141067 (C.D. Cal. June 15, 2023) ............................................................................................................... 11

-3-

*In re Finjan Holdings, Inc.*,
    58 F.4th 1048 (9th Cir. 2023) .................................................................... 24

*Ford Motor Co. v. Montana Eighth Judicial District Court*,
    141 S. Ct. 1017 (2021) ...................................................................... 13, 15

*Fowler v. Deloitte & Touche, LLP*,
    Case No. 5:15-cv-02695, 2017 WL 1293983 (W.D. La. Mar. 24, 2017) ................... 20

*Frank v. PNK (Lake Charles) LLC*,
    947 F.3d 331 (5th Cir. 2020) ...................................................................... 14

*Gonsalves v. Infosys Technologies, Ltd.*,
    No. 3:09-cv-04112, 2010 WL 1854146 (N.D. Cal. May 6, 2010) ............................... 25

*Gonzalez v. Apttus Corp.*,
    No. 3:21-cv-01844, 2023 WL 4827996 (N.D. Cal. July 26, 2023) ........................... 26

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) .................................................................................... 14

*Hanson v. Denckla*,
    357 U.S. 235 (1958) .................................................................................... 17

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ...................................................................................... 14

*Jenkins Brick Co. v. Bremer*,
    321 F.3d 1366 (11th Cir. 2003) .................................................................... 20

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ...................................................................... 22

*Knuttel v. Omaze, Inc.*,
    572 F.Supp.3d 866 (N.D. Cal. 2021) ............................................................ 20

*Kulko v. Superior Court of California*,
    436 U.S. 84 (1978) ...................................................................................... 16

*Lalla v. G&H Towing Co.*,
    No. 5:19-cv-00542, 2019 WL 11626516 (W.D. Tex. July 26, 2019) ........................ 20

*Marine Midland Bank, N.A. v. Miller*,
    664 F.2d 899 (2d Cir. 1981) ........................................................................ 12

-4-

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ......................................................................... 13

*In re McKinsey & Company, Inc. National Opiate Consultant Litigation*,
   No. 3:21-MD-02996, ___ F.Supp.3d ___, 2022 WL 15525768 (N.D. Cal. Oct.
   27, 2022) ......................................................................................................... 12

*Metz v. U.S. Life Ins. Co. in City of New York*,
   674 F. Supp. 2d 1141 (C.D. Cal. 2009) ............................................................ 22

*Murphy v. Schneider National, Inc.*,
   362 F.3d 1133 (9th Cir. 2004) ......................................................................... 18

*NuCal Foods, Inc. v. Quality Egg LLC*,
   887 F.Supp.2d 977 (E.D. Cal. 2012) ................................................................ 12

*In re Packaged Seafood Products Antitrust Litigation*,
   338 F.Supp.3d 1118 (S.D. Cal. 2018) ............................................................... 14

*Paparella v. Plume Design, Inc.*,
   No. 3:22-cv-01295, 2022 WL 2915706 (N.D. Cal. July 25, 2022) ..................... 25

*Piedmont Label Co. v. Sun Garden Packing Co.*,
   598 F.2d 491 (9th Cir. 1979) ........................................................................... 18

*Raffel, D.D.S. v. Monarch Dental Corp.*,
   No. 2:99-cv-04571, 1999 WL 1212184 (E.D. Pa. Dec.15, 1999) ........................ 21

*Rio Properties, Inc. v. Rio International Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ......................................................................... 12

*Russo v. APL Marine Services, Ltd.*,
   135 F. Supp. 3d 1089 (C.D. Cal. 2015) ............................................................ 26

*Safarian v. Maserati North America, Inc.*,
   559 F. Supp. 2d 1068 (C.D. Cal. 2008) ............................................................ 23

*Schmidt v. American Institute. of Physics*,
   322 F. Supp. 2d 28 (D.D.C. 2004) .................................................................... 23

*Strother v. Souther California Permanente Medical Group*,
   79 F.3d 859 (9th Cir. 1996) ............................................................................. 26

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ........................................................................... 12

-5-

*Symantec Corp. v. V-Micro Inc.*,
  No. 2:07-cv-05638, 2008 WL 11338120 (C.D. Cal. Apr. 3, 2008) ........................... 23

*Taube v. Common Goal Systems, Inc.*,
  No. 2:11-cv-02380, 2011 WL 5599821 (D.N.J. Nov. 1, 2011) .................................. 20

*Vopnford v. Plans*,
  No. 2:16-CV-01835, 2017 WL 3424964 (W.D. Wash. Aug. 8, 2017) ....................... 17

*Walden v. Fiore*,
  571 U.S. 277 (2014) .......................................................................................... 16, 17

*Waldman v. Palestine Liberation Org.*,
  835 F.3d 317 (2d Cir. 2016) .................................................................................. 14

*In re Western States Wholesale Natural Gas Antitrust Litigation*,
  715 F.3d 716 (9th Cir. 2013) ................................................................................. 12

*Woodke v. Dahm*,
  70 F.3d 983 (8th Cir. 1995) ................................................................................... 20

*Woods v. U.S. Bank N.A.*,
  831 F.3d 1159 (9th Cir. 2016) ............................................................................... 24

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) .......................................................................................... 16, 17

*Yamashita v. LG Chem, Ltd.*,
  62 F.4th 496 (9th Cir. 2023) ................................................................................. 13

**Constitutional Provisions**

Cal. Const., Article I, § 8 ........................................................................................ 26

**Statutes**

28 U.S.C. § 1332 ...................................................................................................... 23

28 U.S.C. § 1391 ..................................................................................... 17, 19, 20, 21

28 U.S.C. § 1400 ...................................................................................................... 19

28 U.S.C. § 1404 ......................................................................................... 8, 9, 10, 22

28 U.S.C. § 1406 ...................................................................................................... 18

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

Cal. Civ. Proc. Code § 410.10 .......................................................................... 13

**Rules**

Fed. R. Civ. P. 4(k)(1)(C) .............................................................................. 13

Fed. R. Civ. P. 12(b)(2) ................................................................................. 11

Fed. R. Civ. P. 12(b)(2) ................................................................................. 17

Fed. R. Civ. P. 12(b)(6) ................................................................................. 24

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    Introduction

This case is frivolous. Neither Shashamane Group LLC ("Shashamane") nor Rohan Marley ("Mr. Marley") (together "Defendants") subjected Chloe Villano ("Plaintiff") to unlawful discrimination, harassment or retaliation of any kind, nor did she ever raise those issues while at Shashamane. The reality is this: despite touted credentials and claimed expertise in the cannabis industry—now known to have been grossly embellished—Plaintiff completely failed as Shashamane's CEO. She disrupted business, repeatedly lied, produced zero results for the company, tried to save face by resigning under the pretense that she "never wanted" to be the CEO, and then refused to civilly engage with Shashamane's members or continue providing service of any services to the company. As a result, the Management Board terminated her membership. Unable to acknowledge her failure, Plaintiff now seeks to leverage flirtatious and sexual telephone communications she willfully and consensually initiated with Mr. Marley—including communications where she sent him nudes and asked about his interest in having a baby with her—into a claims of sexual harassment and retaliation.

While Defendants are confident that Plaintiff's claims will be exposed as a sham if litigation continues, ***this case warrants immediate dismissal***. Plaintiff filed her claims in a court that lacks jurisdiction over Defendants and asserts claims under California laws that never applied to her. She was not "employed" in California, she lived and worked in Colorado, and she complains of conduct allegedly carried out by persons outside of California and predominantly residing in Florida. Accordingly, the Court should dismiss Plaintiff's complaint for lack of personal jurisdiction, improper, venue, and failure to state ***any*** plausible claim for relief. In the alternative, if the Court finds that the current venue is proper,  the Court should transfer this action to the Southern District of Florida under 28 U.S.C. § 1404.

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

## II. __Background__

### A.    The Defendants

Mr. Marley is an entrepreneur, cannabis advocate, and son of reggae legend Bob Marley. *See* Decl. of Rohan Marley ("Marley Decl.") ¶ 1. Born in Jamaica, he has been a dual Jamaican-American citizen since July 2011 and domiciled in Florida since 2018. *See id.* ¶¶ 3–4. He currently resides in Miami Beach, Florida. *See id.* ¶ 4.

In June 2021, Mr. Marley founded Shashamane. *See* Decl. of John Zidziunas ("Zidziunas Decl.") ¶ 5. Shashamane does business as "Lion Order." *See id.* ¶ 11. Lion Order is a cannabis-centered lifestyle brand that promote Rastafari-cannabis culture and educates consumers about living a holistic lifestyle with cannabis. *See id.* Through Lion Order, Shashamane produces and sells proprietary blends of cannabis products.[1] *See id.* ¶ 12. All retailers of Lion Order products are in Michigan. *See id.* ¶ 13. To date, ***all of Shashamane's sales have been in Michigan*** under the Lion Order brand. *See id.* ¶ 13.

Shashamane has never been licensed to do business in California. *See id.* ¶ 14. It does not advertise in California, have any contracts or partnerships with businesses in California, or have any offices, equipment, facilities, leases, or property in California. *See id.* The only economic activity Shashamane has ***ever*** carried out in California was a short-lived licensing agreement that permitted a company named Grand Nordic to manufacture, sell, and distribute cannabis-infused chocolate with the "Lion Order" brand in California from May 2021 until approximately February 2022. *See id.* The chocolate was sold in only two stores and Shashamane collected zero revenue or royalties. *See id.*

Shashamane has been Delaware limited liability company since its formation. *See id.* ¶ 5. Responsibility for day-to-day management and operations has always been vested

---

[1]    In July 2022—after the events at issue in the complaint—Shashamane entered into a joint venture with The Verleur Group, a Miami-based venture capital firm organized as a Florida limited liability company, and 305 Farms, a Michigan limited liability company that cultivates indoor cannabis for sale in Michigan, to expand Lion Order through a new created known as Lion Order Group. *See* Zidziunas Decl. ¶ 32. Lion Order Group is a Delaware company with a principal place of business in Florida. *See id.* ¶¶ 32–35.

-9-

in a Management Board. *See id.* ¶ 8. The Board has never included a California resident.[2] *See id.* ¶¶ 6–8. From June 2021 until March 2022, the Board consisted of two Florida residents, one New York resident, and two Colorado residents. *See id.*. The current Board has three Florida residents and one New York resident. In addition to being President, Chairman, and a Board member, Mr. Marley has at all times maintained the right to approve all corporate actions and have the final vote prevailing on major business decisions. *See id.* ¶ 9.

### B. Plaintiff's Brief Tenure with Shashamane

Plaintiff is a former Shashamane member. *See* Compl. ¶ 38; Zidziunas Decl. ¶ 16. She officially joined Shashamane in June 2021 as its CEO. *See* Compl. ¶ 6; Zidziunas Decl. ¶¶ 17–18. Her primary duties were to raise capital, create policies and standard operating procedures, and generate revenue by bringing in large-scale deals to license Lion Order's intellectual property rights to cultivators and distributors. *See* Zidziunas Decl. ¶ 19.

Throughout her Shashamane tenure, Plaintiff lived and worked remotely from her home in Colorado, where she continued to run two Colorado-based companies: Clover Leaf Consulting and Clover University. *See id.* ¶ 20; Compl. ¶ 3. She appeared at Shashamane meetings by telephone and video from her Colorado home and was compensated in Colorado. *See* Zidziunas Decl. ¶ 20. After joining Shashamane in June 2021, the only time she traveled to California for Shashamane-related business was a four-day trip in late October 2021. *See id.* ¶ 23.

Unfortunately, Plaintiff failed as Shashamane's CEO. Over a 10-month period, she failed to raise any capital, bring in any revenue, or secure any deals for Shashamane. *See id.* ¶ 25. Her disorganized, dishonest, volatile, and combative behavior frustrated members and adversely impacted Shashamane. *See id.* ¶¶ 26. In December 2021, for

---

[2]     Only two Shashamane members have ever resided in California: Cole Ramstad and Nico Marley. *See* Zidziunas Decl. ¶ 6 Neither is, or has been, a Board member. *See id.* Nico Marley moved to Florida in February 2023. *See id.*

-10-

1  example, a representative from a cannabis cultivation center asked Shashamane to

2  remove Plaintiff from negotiations over a prospective deal because she had "repeatedly

3  lied" and been "downright despicable" with a "spoiled brat attitude." *See id.* ¶ 26.

4       On March 9, 2022, Plaintiff notified Shashamane via text message that she was

5  voluntarily resigning as CEO because she "never wanted to be the CEO" and considered

6  Mr. Marley the "true leader." *See id.* ¶ 28. From that point onward, she essentially ceased

7  all communications with members or perform and services. *See id.* ¶ 29. Efforts to

8  amicably negotiate a separation were unsuccessful. *See id*. Accordingly, the four

9  disinterested members of the Board unanimously voted to terminate her membership in

10  late March 2022. *See id.* ¶ 30.

11     **C.**   **Plaintiff's Lawsuit**

12       On June 2, 2023, Plaintiff initiated this civil action in this Court. *See* Compl. Her

13  complaint alleges that Mr. Marley sexually harassed her and that Shashamane unlawfully

14  terminated her in March 2022 in retaliation for "refus[ing]" Mr. Marley's harassment. *See*

15  Compl. ¶¶ 7–8, 38. All of her claims arise under California law. She alleges sexual

16  harassment in violation of California's Fair Employment and Housing Act (the "FEHA")

17  and a cause of action for wrongful termination in violation of the public policies

18  expressed in the FEHA and the California Constitution. *See id.* ¶¶ 30–58.

19  **III.**  **<u>Motion to Dismiss for Lack of Personal Jurisdiction</u>**

20     **A.**   **Standard of Review**

21       Rule 12(b)(2) of the Federal Rules of Civil Procedure permits defendants to move

22  for dismissal of an action when the court lacks personal jurisdiction. *See* Fed. R. Civ. P.

23  12(b)(2). The district court may "consider evidence outside of the pleadings," including

24  "affidavits submitted by the parties." *See Fernandez v. Tox Corp.*, No. 2:22-cv-09079,

25  ___ F.Supp.3d ___, 2023 WL 4141067, at *3 (C.D. Cal. June 15, 2023).

26      "Because there is no statutory method for resolving [a Rule 12(b)(2) motion], the

27  mode of its determination is left to the trial court." *See Data Disc, Inc. v. System*

28  *Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). A district court may

"determine the motion on the basis of affidavits alone," "permit discovery in aid of the motion," or "conduct an evidentiary hearing on the merits of the motion." *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981).

A plaintiff has the burden of demonstrating that their chosen court has jurisdiction. *See In re Western  States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 741 (9th Cir. 2013). "The limits which the district judge imposes on [a Rule 12(b)(2) motion] will affect the burden which the plaintiff is required to meet." *See Data Disc*, 557 F.2d at 1285. If the court holds an evidentiary hearing, the plaintiff must "establish the jurisdictional facts by a preponderance of the evidence." *See id*. If the court limits the parties to "affidavits or affidavits plus discovery materials," the plaintiff need only make "a prima facie showing of jurisdictional facts." *See id.* "A prima facie showing is established if the plaintiff produces admissible evidence which, if believed, would be sufficient to establish personal jurisdiction."[3] *See In re McKinsey & Company, Inc. National Opiate Consultant Litigation*, No. 3:21-MD-02996, ___ F.Supp.3d ___, 2022 WL 15525768, at *3 (N.D. Cal. Oct. 27, 2022). "[U]ncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *See Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). However, the plaintiff may not rely on "bare bones assertions of minimum contacts with the forum" or "legal conclusions unsupported by specific factual allegations." *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). Additionally, "when there is a conflict between the complaint and an affidavit," the plaintiff "cannot rely solely on the complaint to establish jurisdictional facts." *See NuCal Foods, Inc. v. Quality Egg LLC*, 887 F.Supp.2d 977, 988 (E.D. Cal. 2012).

---

[3]     This does not always clear a path for trial on the merits. "If the pleadings and other submitted materials raise issues of credibility or disputed questions of fact with regard to jurisdiction, the district court has the discretion to take evidence at a preliminary hearing in order to resolve the contested issues." *See Data Disc*, 557 F.2d at 1285.

SMRH:4860-0505-2019.4

DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

### B.   The Court Lacks Personal Jurisdiction over Defendants

"A federal district court sitting in diversity has in personam jurisdiction over a defendant to the extent the forum state's law constitutionally provides." *See Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 502 (9th Cir. 2023).[4] California law "allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution" by permitting courts to "exercise jurisdiction on any basis not inconsistent with the Constitution of [the State of California] or of the United States." *See* Cal. Civ. Proc. Code § 410.10; *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

The Due Process Clause of the Fourteenth Amendment protects individuals and businesses from being subject to judgments in States where they have no meaningful "contacts, ties, or relations." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471 (1985). States may exercise two types of personal jurisdiction consistent with the Due Process Clause: "general" and "specific" jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court of California*, 582 U.S. 255, 262 (2017). A court with general jurisdiction over a defendant may hear any claim against that defendant, regardless of where events occurred. *See id.* If general jurisdiction is lacking, a court may exercise specific jurisdiction over a defendant if—and only if—the claims "aris[e] out of or relat[e] to the defendant's contacts with the ***forum***." *See id.* (alterations and emphasis original) (quoting *Daimler*, 571 U.S. at 127). As explained below, this Court cannot exercise general or specific jurisdiction over Defendants.

### 1.   This Court Cannot Exercise General Jurisdiction

A court may exercise general jurisdiction "only when a defendant is 'essentially at home' in the State." *See Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1024 (2021). Only "a limited set of affiliations with a forum" will suffice.

---

[4]   Federal courts may also exercise jurisdiction when authorized by a federal statute. *See* Fed. R. Civ. P. 4(k)(1)(C). The complaint does not identify any federal statute as the basis of personal jurisdiction, nor are Defendants aware of any applicable federal statute. Consequently, the Court must apply "the law of the state in which the court sits." *See Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

1   *See Daimler*, 571 U.S. at 137. Neither Mr. Marley nor Shashamane has such affiliations

2   with California.

3        Mr. Marley is not "at home" in California. For a natural person such as Mr.

4   Marley, the "paradigm forum for the exercise of general jurisdiction is the individual's

5   domicile." *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924

6   (2011). Mr. Marley is not domiciled in California. *See* Compl. ¶ 17. He is a Florida

7   citizen who resided in Miami Beach at all relevant times through the present. *See* Marley

8   Decl. ¶¶ 3–4. The complaint does not even allege that he set foot in California in

9   connection with the events in the complaint. Thus, this Court lacks general jurisdiction

10  over Mr. Marley.

11       The Court also lacks general jurisdiction over Shashamane. A business entity is "at

12  home" in: (1) its State of incorporation or organization; (2) the State where it maintains

13  its principal place of business, and (3) in "an exceptional case," a State where its

14  operations are "so substantial and of such a nature as to render the corporation at home in

15  that State." *See Daimler*, 571 U.S. at 137, 139 n.19.[5] Shashamane is not "at home" in

16  California under this standard. First, Shashamane is, and always has been, a Delaware

17  limited liability company. *See* Compl. ¶ 15; Zidziunas Decl. ¶ 5. Second, an entity's

18  "principal place of business" is "where [its] high level officers direct, control, and

19  coordinate the [company's] activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81

20  (2010). For Shashamane, such authority rests with its Management Board. *See* Zidziunas

21  Decl. ¶ 8. The current Board is comprised of three Florida residents and one New York

22  resident. *See id.* ¶¶ 6–8. During Plaintiff's tenure, the Board consisted of two Florida

23

24       [5]    Although *Daimler* dealt a German corporation, its analysis encompassed a limited

25  liability company whose activities the plaintiff attempted to impute to the corporation.
    *See Daimler*, 571 U.S. at 123–24, 138–39 (discussing MBUSA). Based on this and policy

26  considerations, federal courts apply *Daimler*'s "at home" standards to all business
    entities, including limited liability companies. *See, e.g., Frank v. PNK (Lake Charles)*

27  *LLC*, 947 F.3d 331, 338 n.10 (5th Cir. 2020); *Waldman v. Palestine Liberation Org.*, 835
    F.3d 317, 332 (2d Cir. 2016); *In re Packaged Seafood Products Antitrust Litigation*, 338

28  F.Supp.3d 1118, 1139 n.14 (S.D. Cal. 2018).

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

1  residents, one New York resident, and one Colorado resident, and one person whose

2  residency changed from Colorado, to Southern Carolina, to Florida. *See id.* Critically, Mr.

3  Marley, in his role as President, Chairman, and a member of the Board with the right to

4  approve all corporate actions of and have the final vote prevailing on all major business

5  decisions, has at all times directed, controlled, and coordinated the majority of

6  Shashamane's business activities from his home in Florida. *See* Zidziunas Decl. ¶ 10;

7  Marley Decl. ¶¶ 8–9. Therefore, principal place of business is, and always has been, in

8  Florida.[6] Lastly, Shashamane does not have contacts with California that are so

9  substantial to also render it "at home" in California. Shashamane has no operations,

10  facilities, or business in California, and only two, non-voting members have ever resided

11  in Florida. *See* Zidziunas Decl. ¶¶ 6–8, 14–15. Virtually all of Shashamane's economic

12  activities occur in Michigan. *See id.* ¶¶ 11–14.

13      In sum, this Court cannot exercise general jurisdiction over Mr. Marley or

14  Shashamane because neither is "at home" in California. Mr. Marley is at home in Florida,

15  whereas Shashamane is at home in Delaware and Florida.

16          **2.  This Court Cannot Exercise Specific Jurisdiction**

17      Because the Court lacks general jurisdiction over Defendants, it may exercise

18  jurisdiction over Defendants only if the requirements for "specific jurisdiction" exist.

19  This Court can exercise specific jurisdiction only if Plaintiff's claims against "aris[e] out

20  of or relat[e] to" Defendants' respective contacts with California. *See Bristol-Myers*, 582

21  U.S. at 262. These contacts must have been Defendants "own choice," and not "random,

22  isolated, or fortuitous" contacts. *See Ford Motor Co.*, 141 S. Ct. at 1025. In other words,

23  Plaintiff's claims must arise from Defendants intentionally, deliberately, and purposefully

24  "availing" themselves of the "privilege of conducting activities" in California. *See id.* at

25

26

27  ─────────────
    [6]    The complaint incorrectly identifies Shashamane's principal place of business as

28  Delaware, rather than Florida. *See* Compl. ¶ 15. Regardless, it is undisputed that
    Shashamane's principal place of business is ***not*** in California,.

DEFENDANTS' MEMORANDUM IN SUPPORT OF
                          MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

1024–25. Even then, the exercise of jurisdiction must be reasonable under "traditional notions of fair play and substantial justice." *See Burger King*, 471 U.S. at 476–78.

Defendants' contacts with California are virtually non-existent in every sense. Mr. Marley is not alleged to have had any physical presence in California at any time relevant to Plaintiff's claims, and he was not in fact in California during the alleged harassment of Plaintiff or for the vote to remove Plaintiff from Shashamane. *See* Marley Decl. ¶¶ 15–19. Shashamane's ***only*** "contacts" with California are that: (1) two of its non-voting, non-managing members (Cole Ramstad and Nico Marley) currently or formerly resided in California and (2) it previously allowed Grand Nordic to briefly use the "Lion Order" for cannabis-infused chocolate. *See* Zidziunas Decl. ¶¶ 6, 14–15.

Plaintiff's claims do not arise from some deliberate act of Mr. Marley or a Shashame member within California, nor do they arise out of a business activity that Shashame deliberately carried out in California. Plaintiff's sole basis for claiming jurisdiction in California is that ***she***—a Colorado citizen who "was and is an individual residing in the State of Colorado"—was supposedly "working" in California when Mr. Marley allegedly harassed her and when the Board terminated her membership. *See* Compl. ¶¶ 14, 39.

Plaintiff's temporary presence in California is not sufficient basis for exercising specific jurisdiction. The personal jurisdiction analysis is "defendant-focused" and examines "the defendant's contacts with the forum State itself," ***not*** "contacts between the plaintiff (or third parties) and the forum State." *See Walden v. Fiore*, 571 U.S. 277, 284 (2014). Indeed, the Supreme Court has rejected attempts to exercise of personal jurisdiction based on defendant's "random, fortuitous, or attenuated" interactions with persons who unilaterally, incidentally, or temporarily have contacts with, or residence, in the forum State. *See, e.g.*, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (rejecting an assertion of jurisdiction in Oklahoma based on the "fortuitous circumstance" that a plaintiff chose to drive a vehicle purchased in New York through Oklahoma); *Kulko v. Superior Court of California*, 436 U.S. 84, 93 (1978) (declining to

-16-

find personal jurisdiction in California in a child support case based on the defendant's "acquiescence" to his daughter living with her mother in California); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State"). Even if Plaintiff was physically in California during any challenged conduct, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *See Walden*, 571 U.S. at 290.

Put simply, the exercise of jurisdiction in California based on Plaintiff's coincidental presence in California during events at issue would not be reasonable when considering "fair play and substantial justice." Whatever interest California allegedly might have in this lawsuit must be balanced against the extent to Defendants could have "***reasonably*** anticipate[d]" being "haled into" a California court. *See World-Wide Volkswagen*, 444 U.S. at 297 (emphasis added). Defendants had no reason to anticipate that terminating a Colorado-based executive would subject them to harassment and wrongful termination claims in California merely because she allegedly happened to be working in California when Defendants purportedly engaged in harassing and retaliatory acts ***outside*** of California. *Cf. Vopnford v. Plans*, No. 2:16-CV-01835, 2017 WL 3424964, at *8 (W.D. Wash. Aug. 8, 2017) (jurisdiction lacking in Washington even because the conduct "occurred in Florida and Tennessee" and was not "performed for the very purpose of having [its] consequences felt in" Washington).

## IV.   <u>Motion to Dismiss for Improper Venue</u>

### A.   **Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(3), a defendant to move to dismiss based for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Unless venue is dictated by another federal statute, 28 U.S.C. § 1391 controls whether a venue is "improper." *See Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49, 56 (2013).

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

A plaintiff must show that a challenged venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "[T]he pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *See Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004). At the pleadings stage, "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *See id.* at 1139. If the papers raise genuine factual disputes regarding venue, the court may hold a motion "in abeyance" for a future evidentiary hearing on the disputed facts. *See id.* Alternatively, the court may deny the motion with leave to refile after further development of the record. *See id.* If the court holds an evidentiary hearing, it may "weigh evidence, assess credibility, and make findings of fact that are dispositive on the Rule 12(b)(3) motion." *See id.* at 1140.

If the plaintiff fails to establish that the case was filed in a proper venue, the district court must either dismiss the case or transfer the case to "any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). Transfer is appropriate only if it is "in the interest of justice"' *See id.*

## B.     This Court Is an Improper Venue

Alleging that conduct forming the basis of her claims under the FEHA were "committed in the County of Los Angeles," Plaintiff claims that venue lies in the Court under the California Government Code section 12965(c)(2), the FEHA's venue statute. *See* Compl. ¶ 29. Her reliance on state law is misplaced. "Whether venue is 'wrong' or 'improper' depends *exclusively* on whether the court in which the case was brought satisfies the requirements of *federal* venue laws . . . ." *See Atlantic Marine*, 571 U.S. at 55 (emphasis added).

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

Except as otherwise provided by federal law, 28 U.S.C. § 1391 "govern[s] the venue of all civil actions brought in district courts of the United States." *See* 28 U.S.C. § 1391(a).[7] Under Section 1391(b), a civil action may be brought in:

> (1)   a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3)   if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*See* 28 U.S.C. § 1391(b).

This Court does not fall within any of the categories that section 1391(b) identifies as a proper venue.

First, this Court is not a proper venue under section 1391(b)(1) because Defendants are not "residents" of California, let alone the Central District of California. For venue purposes, Mr. Marley is deemed to "reside" where he is "domiciled," and Shashamane is deemed to "reside" where it "is subject to the court's personal jurisdiction with respect to the civil action in question." *See* 28 U.S.C. § 1391(c). It is undisputed that Mr. Marley is domiciled in Florida. *See* Compl. ¶ 17; Marley Decl. 3–4. That alone prevents this Court from qualifying as a proper venue under section 1391(b)(1), because section 1391(b)(1) requires "***all*** defendants" to be "residents of the State in which the district is located." *See* 28 U.S.C. § 1391(c) (emphasis added). Significantly, even if Mr. Marley resided in California, venue would be still improper in this Court because this Court lacks personal jurisdiction over for the reasons discussed above in Section III. Thus, Shashamane also does not "reside" in California or this judicial district. *See* 28 U.S.C. § 1391(c)(2).

---

[7]    For example, federal law provide special venue rules for copyright and patent lawsuits. *See* 28 U.S.C. § 1400.

Second, this Court is not a proper venue under section 1392(b)(2) because the Central District of California is ***not*** where a "***substantial*** part" of the events giving rise to Plaintiff's complaint occurred. *See* 28 U.S.C. § 1391(c)(2) (emphasis added). Plaintiff is, and was at all times during her tenure with Shashame, a Colorado resident. *See* Compl. ¶ 14. She carried out duties for Shashamane remotely from her home in Colorado and was paid for such work in Colorado. *See* Zidziunas Decl. ¶¶ 20–22. Nevertheless, she claims that venue is proper in this Court because she was purportedly "working for [Shashamane] in Los Angeles County when she suffered the sexual harassment and unlawful termination that forms the basis of her claims." *See* Compl. ¶ 39.

Plaintiff's claimed presence in Los Angeles at the time of Defendants' alleged conduct is not sufficient to establish venue in this Court. "To allow a plaintiff to establish venue on the basis of his whereabouts when relevant events occurred would render the venue statue all but meaningless." *See Fowler v. Deloitte & Touche, LLP*, Case No. 5:15-cv-02695, 2017 WL 1293983, at *3 (W.D. La. Mar. 24, 2017). The proper focus for venue under section 1391(b)(2) is where the ***defendant's*** activities occurred. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371–72 (11th Cir. 2003); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995); *Knuttel v. Omaze, Inc.*, 572 F.Supp.3d 866, 870 (N.D. Cal. 2021). For example, when a New Jersey salesperson sued her Illinois-based employer for wrongful termination and harassment, the district court held that a "substantial part" of the events occurred in Illinois, rather than New Jersey, because: (1) there were no allegations of discriminatory comments being made in person in New Jersey; (2) the alleged harassment occurred at a face-to-face meeting in Illinois; and (3) the termination decision occurred in Illinois. *See Taube v. Common Goal Systems, Inc.*, No. 2:11-cv-02380, 2011 WL 5599821, at *4–5 (D.N.J. Nov. 1, 2011), *report and recommendation adopted*, 2011 WL 5825792 (D.N.J. Nov. 16, 2011). Neither communicating with the out-of-state defendants by telephone and email from New Jersey nor predominantly working from New Jersey was sufficient to establish venue in New Jersey. *See id.* at *4–5; *accord Lalla v. G&H Towing Co.*, No. 5:19-cv-00542, 2019 WL 11626516, at *3–4

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

1   (W.D. Tex. July 26, 2019) (venue improper in the Western District of Texas improper for

2   an FMLA case because the Southern District was where the employer's representatives

3   were during their communications with plaintiff regarding his leave and where "the

4   decision to terminate plaintiff, as well as decisions related to his leave of absence,

5   occurred"); *Raffel, D.D.S. v. Monarch Dental Corp.,* No. 2:99-cv-04571, 1999 WL

6   1212184, at *2 (E.D. Pa. Dec.15, 1999) (venue in the Eastern District of Pennsylvania

7   improper for an age discrimination case because the Texas was where the employer was

8   headquartered and made the termination decision).

9        Under these standards, that the Central District of California clearly is *not* where a

10   "substantial" part of the events at issue occurred. Plaintiff claims she was sexually

11   harassed by Mr. Marley and then wrongfully terminated in retaliation for opposing the

12   harassment. *See* Compl. ¶¶ 7–8, 38, 48. Plaintiff does not allege that *Mr. Marley* was

13   present in the Central District of California when he allegedly harassed her or that any

14   person involved in the decision to remove her from Shashamane made that decision from

15   California. Nor could she. Mr. Marley was not in California with Plaintiff at any time

16   relevant to the complaint, or during the company "meetings" vaguely referenced in the

17   complaint. *See* Marley Decl. ¶¶ 8–9, 14–19. Mr. Marley conducted business and

18   communicated with Plaintiff from Florida, where has been domiciled since 2018. *See id.*

19   ¶¶ 3–4, 8–9, 14–19. The decision to terminate Plaintiff's membership was made by

20   Shashamane's management board. *See* Zidziunas Decl. ¶ 30. None of the Board members

21   lived in California, worked in California, or voted from California. *See id.* ¶¶ 6–8, 30.

22        Finally, section 1391(b)(3) does not make venue proper in this Court. Section

23   1391(b)(3) makes venue proper in "any judicial district in which any defendant is subject

24   to the court's personal jurisdiction with respect to such action," but *only* if "there is no

25   district in which an action may otherwise be brought as provided in [section 1391]." *See*

26   28 U.S.C. § 1391(b)(3). As previously discussed, this Court lacks personal jurisdiction

27   over Defendants. *See supra* Section III. Further, this action could have (and should have)

28   been brought in the Southern District of Florida. That is the where Mr. Marley is

-21-

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

domiciled and where Shashamane maintains its principal place of business. *See Marley Decl.* ¶¶ 3–4, 8–9, 16; Zidziunas Decl. ¶¶ 6–8, 10, 35. It is also where Mr. Marley was located during the alleged harassment of Plaintiff and where most of Shashamane's managing members were when the Board voted to remove Plaintiff. *See* Marley Decl. ¶¶ 8–9, 14–19; Zidziunas Decl. ¶¶ 6–8, 30. Thus the Southern District of Florida is a proper venue under sections 1391(b)(1) and 1391(b)(2).

## V.   Motion to Transfer to the Southern District of Florida

If, an ***only*** if, the Court finds that venue in the Central District of California is proper, Defendants move the Court to transfer venue to the Southern District of California pursuant to 28 U.S.C. § 1404.

Section 1404 gives district courts discretion, "in the interest of justice," to transfer actions from a proper venue to "any other district or division where it might have been brought" for "the convenience of parties and witnesses." *See* 28 U.S.C. § 1404(a). The moving party must establish that "a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *See Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F.Supp.2d 1109, 1131 (C.D. Cal. 2009). The moving party must first show that the action "might have been brought" in the proposed the transferee district based on subject matter jurisdiction, personal jurisdiction, and venue rules. *See Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). If that showing is made, the district court must conduct "individualized, case-by-case consideration of convenience and fairness" regarding to the parties, the witnesses, and other practical considerations. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

All of the factors underlying transfers under section 1404 support transfer of this action to the Southern District of Florida.

First, this action *could* have been brought in the Southern District of Florida. Defendants are "at home" in Florida, and Mr. Marley is domiciled in Miami Beach, so the Southern District of Florida is a proper venue with personal jurisdiction over

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

1  Defendants.[8] *See supra* Section III.B.1, IV.B. Like this Court, moreover, the Southern

2  District of Florida would have subject matter jurisdiction under 28 U.S.C. § 1332,

3  because Plaintiff is a Colorado citizen, none of Shashamane members are Colorado

4  citizens and Plaintiff seeks more than $75,000 in damages. *See* Compl. ¶¶ 14, 27;

5  Zidziunas Decl. ¶¶ 6–8; *see also 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir.

6  2018) (recognizing that a limited liability company "is a citizen of every state of which

7  its owners/members are citizens" for purposes of diversity jurisdiction).

8      Next, the convenience of parties and witness favors the Southern District of

9  Florida. Although a plaintiff's initial choice of forum is often accorded "substantial

10 weight," *see Safarian v. Maserati North America, Inc.*, 559 F. Supp. 2d 1068, 1071 (C.D.

11 Cal. 2008), this choices receives "substantially less deference," when, as here, "the forum

12 preferred by the plaintiff is not [their] home forum," *see Symantec Corp. v. V-Micro Inc.*,

13 No. 2:07-cv-05638, 2008 WL 11338120, at *4 (C.D. Cal. Apr. 3, 2008), and where, as

14 here, the events at issue occurred elsewhere. *See Schmidt v. American Institute. of*

15 *Physics*, 322 F. Supp. 2d 28, 34 (D.D.C. 2004). Plaintiff clearly engaged in bad-faith

16 forum shopping. She is, and was, a Colorado resident. *See* Compl. ¶ 14. Her claims center

17 on Mr. Marley, who indisputably resides in the Southern District of Florida and will be

18 the central witness in this case in connection with both (a) his alleged harassment of

19 Plaintiff and (b) his reasons for voting to terminate Plaintiff's membership. *See* Compl.

20 ¶¶ 1–8. Nearly all of the other key witnesses are also in the Southern District of Florida.

21 Three of the four Board members who voted to remove Plaintiff (including Mr. Marley)

22 live in Florida: two in the Miami area (the Southern District of Florida) and one in Bonita

23 Springs (a city in the Middle District of Florida). *See* Zidziunas Decl. ¶¶ 6–8. The only

24 one of Shashamane's current or former members who resides in California is Cole

25 Ramstad, *see id.*, and he is not alleged to have had any involvement in the events at issue

26 in the complaint. Thus, nearly all of the key actors whose testimony will be central to the

27

28  [8]      Plaintiff was, and still is, free to consent to jurisdiction in the Southern District of
Florida by pursuing her claims against Defendants in that venue.

resolution of this case are located in Florida, and none of them are in California. It would be unjust to require Defendants to continue to litigate in this forum when Plaintiff was employed here, all of the challenged conduct occurred elsewhere, all of the key witnesses live in Florida (or other East Coast cities), and California has no real interest in this case.

## VI.   Motion to Dismiss for Failure to State a Claim

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows defendants to seek dismissal of a complaint, or particular causes of action therein, based on the "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A complaint "fail[s] to state a claim upon which relief can be granted" if it either lacks a "cognizable legal theory" or fails to allege "sufficient facts" under a cognizable legal theory. *See Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). Sufficient factual matter exists only if the facts alleged state a claim to relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" only if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See id.* at 678.

For Rule 12(b)(6) motions, courts presume the truth of all well-pleaded facts. *See Brown v. Electronic Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013). However, no presumption of truth attaches to "threadbare recitals" or "legal conclusions." *See Iqbal*, 556 U.S. at 678. Additionally, courts may disregard allegations contradicted by judicially noticeable facts or set forth in a document attached to, or incorporated by reference in, the complaint. *See In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023).

### B.   The Complaint Does State a Plausible Claim for Relief Because It Is Based on California Laws That Do Not Apply to Plaintiff

Plaintiff alleges three causes of action. All of them arise under California law. Her first two causes of action allege sexual harassment in violation of the FEHA. *See* Compl. ¶ 30–41. Her third cause of action alleges wrongful termination in violation of the public policies set forth in the FEHA and in Article I, Section 8, of the California Constitution

-24-

1   *See id.* ¶¶ 42–58. All of these claims fail as a matter of law because the complaint fails to

2   establish that Plaintiff was covered by these California laws.

3        The FEHA was enacted "for the benefit of the ***citizenry*** of [California]" and

4   "should not be construed to apply to non-residents employed outside the state when the

5   tortious conduct did not occur in California." *See Campbell v. Arco Marine, Inc.*, 42 Cal.

6   App. 4th 1850, 1860 (1996) (emphasis added). Thus, a party pursuing FEHA claims must

7   establish that either: (1) they were employed in California, or (2) the allegedly tortious

8   conduct took place in California. *See Paparella v. Plume Design, Inc.*, No. 3:22-cv-

9   01295, 2022 WL 2915706, at *4 (N.D. Cal. July 25, 2022). These complaint must allege

10  with "specific" about what actions occurred in California, who was responsible for those

11  actions, where those actors resided and worked, and which California-based persons

12  participated in or ratified the conduct *See id.*; *see also Dodd-Owens v. Kyphon, Inc.,* No.

13  5:06-cv-3988, 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007)

14       Plaintiff does not—and cannot—allege facts sufficient to establish the applicability

15  of the FEHA to her former relationship with Shashamane. Plaintiff is, and was at all

16  times at issue in the complaint, "citizen of the State of Colorado" and "residing in the

17  State of Colorado." *See* Compl. ¶ 14. She alleges that she was sexually harassed by a

18  Florida resident (Mr. Marley) while he was living and working in Florida, after which her

19  non-California employer (Shashamane) "wrongfully" terminated her. *See* Compl. ¶¶ 30–

20  58. She claims she was "working for [Shashamane] in Los Angeles County when she

21  suffered the sexual harassment and unlawful termination, *see id.* ¶ 39, but this is

22  insufficient to trigger the FEHA. Given her admission to living in Colorado at all relevant

23  times, it cannot be said that Shashamane "employed" her "in" California. Indeed, she

24  carried out nearly all of her duties for Shashamane from Colorado. *See* Zidziunas Decl. ¶

25  20–24. Even if Plaintiff claims she occasionally traveled to California for work, the

26  FEHA does not cover "all employees who perform some job duties or manage some

27  clients in California." *See Gonsalves v. Infosys Technologies, Ltd.*, No. 3:09-cv-04112,

28  2010 WL 1854146, at *5 (N.D. Cal. May 6, 2010) (allegations that Ohio resident took

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

1   business trips to California and managed clients in California insufficient to invoke the
2   FEHA). There must be specific factual allegations to show that a defendant actually
3   committed tortious acts in California. *See Gonzalez v. Apttus Corp.*, No. 3:21-cv-01844,
4   2023 WL 4827996, at *4 (N.D. Cal. July 26, 2023). There are no allegations that Mr.
5   Marley was present in California when he harassed her or that "California-based"
6   personnel participated in or ratified the purported harassment or the decision to remove
7   Plaintiff from Shashamane. Therefore, Plaintiff's FEHA claims fail.

8           Plaintiff's third cause of action for wrongful termination in violation of the public
9   policies expressed in the FEHA and Article I, Section 8, of the California Constitution
10  fails to state a claim for relief for reasons similar to those that defeat Plaintiff's FEHA
11  claims. "[W]hen [a] constitutional provision or statute articulating a public policy also
12  includes certain substantive limitations in scope or remedy, these limitations also
13  circumscribe [a] common law wrongful discharge cause of action." *See City of Moorpark
14  v. Superior Court*, 18 Cal. 4th 1143, 1159 (1998). In other words, "the common law
15  cause of action cannot be broader than the constitutional provision or statute on which it
16  depends." *See id*. For reasons already explained, the FEHA does not apply to Plaintiff's
17  former relationship with Shashamane. The same is true of Article I, Section 8, of the
18  California Constitution. This provision prohibits "disqualif[ying]" a person from
19  employment because of sex and other protected statuses. *See* Cal. Const., art. I, § 8. It
20  **only** encompasses "actions which result in the complete exclusion of an individual from
21  employment with a particular employer" based a protected status, and "does not reach
22  conduct affecting particular aspects of an individual's job." *See Strother v. Souther
23  California Permanente Medical Group*, 79 F.3d 859, 872–73 (9th Cir. 1996). It does not
24  cover decisions made outside of California with respect to an employee whose duties
25  primarily occur outside of California. *See Russo v. APL Marine Services, Ltd.*, 135 F.
26  Supp. 3d 1089, 1096 (C.D. Cal. 2015). Here, Plaintiff complains about a termination
27  made by Shashamane's Management Board outside of California while Plaintiff was a
28

DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COMPLAINT OR TRANSFER VENUE

residing in Colorado. *See* Compl. ¶¶ 6, 14, 38. The California Constitution does not cover such actions.

## VII.  Conclusion

For all of the foregoing reason, the Court should dismiss Plaintiff's complaint for lack of jurisdiction, improper venue, and failure to state a cause of action. If the Court finds that venue in this Court is proper, Defendants alternatively request that the Court transfer venue to the Southern District of Florida for the convenience of the parties and witnesses and in the interest of justice.


Dated: August 4, 2023                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                      By:  _____*/s/ Keith A. Goodwin*_____
                                              Samantha D. Hardy
                                              Keith A. Goodwin

                                      Attorneys for Defendants,
                                      SHASHAMANE GROUP LLC and ROHAN MARLEY

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendants Shashamane Group LLC and Rohan Anthony Marley in *Chloe Villano v. Shashamane Group LLC et al.*, Case No. :23-cv-04320-ODW-AFM, certifies that this memorandum of points and authorities contains a total of 6,938 words (including headings, footnotes, and quotations but excluding the caption, the table of contents, the table of authorities, the signature block, this certification, and any indices and exhibits), which complies with the word limit of Local Rule 11-6.1.


Dated: August 4, 2023            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                 By:  _____*/s/ Keith A. Goodwin*_____
                                          Samantha D. Hardy
                                          Keith A. Goodwin

                                 Attorneys for Defendants,
                                 SHASHAMANE GROUP LLC and ROHAN MARLEY