GREGORY P. WONG (SBN: 204502)
greg@barklawfirm.com
VANESSA J. JARVIS (SBN: 201585)
vanessa@barklawfirm.com
BARKHORDARIAN LAW FIRM, PLC
6047 Bristol Parkway, Second Floor
Culver City, CA 90230
Telephone: (323) 450-2777

Attorneys for Plaintiff,
Chloe Villano

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHLOE VILLANO, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>SHASHAMANE GROUP, LLC, a Delaware Limited Liability Corporation; ROHAN ANTHONY MARLEY, an Individual; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No. 2:23-cv-04320-ODW-AFM<br><br>*Assigned for all purposes to Hon. Judge Otis D. Wright, II*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA**<br><br>Date:    September 11, 2023<br>Time:   1:30 p.m.<br>Place:  350 W. 1st Street, Courtroom 5D<br>          Los Angeles, CA 90012<br><br>Action Filed: June 1, 2023<br>Trial:    *Not yet set* |

COMES NOW Plaintiff Chloe Villano ("Plaintiff") with her Opposition to Defendants Shashamane Group, LLC, ("Shashamane") and Rohan Anthony Marley ("Mr. Marley") (collectively "Defendants") Motion to Dismiss or in the alternative Motion to Transfer Venue.

<small>Case 2:23-cv-04320-ODW-SK Document 23 Filed 08/21/23 Page 2 of 15 Page ID #:132</small>

**TABLE OF CONTENTS**

I.    FACTS……………………………………………………………………...4

II.   ARGUMENT……………………………………………………………….6

     A.    Court Has Diversity Jurisdiction over the Parties………………..…6

     B.    Court Has Personal Jurisdiction over Defendants……………….…..7

         1.  Defendants Had Minimum Contacts With & Actively Did Business in California…………………………………........7

            i.  The Applicable Standard……………………………….........8

            ii.  Defendants Exceeded Minimum Contacts with California...8

     C.    Venue is Proper in the Central District……………………………11

         1.    California's Fair Employment and Housing Act Has Venue Provision the Permit's Plaintiff's Claims……….…..11

     D.    Motion to Transfer Venue Should be Denied………………………..13

III.  CONCLUSION……………………………………………………………..14

# TABLE OF AUTHORITIES

**Cases**

*Lincoln Property Co. v. Roche* (2005) 126 S.Ct. 606, 610 fn.1 ................................. 6

*World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 297 ..................... 8

*Carpenter v. Bradford* (1913) 23 Cal.App. 560, 562. ................................................. 8

*Diamond Corp. v. The Superior Court of Tuolumne County* (2000) 83 Cal.App.4th 523, 535 ................................................................................................. 8

Eng. v. Gen. Dynamics Mission Sys., Inc., No. EDCV18908JGBSHKX, 2019 WL 2619658, at *10 ................................................................................................. 12

*Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310, 320. ..................................... 8

*Johnson v. Columbia Properties Anchorage*, LP (9th Cir. 2006) 437 F3d 894, 899 . 6

*Leibman v. Prupes* ..................................................................................................... 12

*Leibman v. Prupes,*  2015 WL 3823954, at *7 (C.D. Cal. June 18, 2015). .............. 12

*Rulenz v. Ford Motor Co.,* ......................................................................................... 12

*Safarian v. Maserati North America, Inc.,* 559 F.Supp. 2d 1068, 1071 ................... 13

**Statutes**

28 U.S.C. §1332 ............................................................................................................ 6

Cal. Gov't Code § 12965 ............................................................................................ 12

California Code of Civil Procedure § 410.10 ............................................................. 7

**Regulations**

2 CCR §11008(d)(1) .................................................................................................. 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   Facts

Ms. Villano first met Defendant Rohan Marley when he hosted Ms. Villano's Cannabis Business Awards in 2019.  In March 2021, Ms. Villano agreed to come work for Shashamane, LLC and to provide the company with much needed help with the development and evolvement of its brand "Lion Order".   (See Decl. of Chloe Villano, ¶2).  Shashamane, LLC had no brick-and-mortar location, and thus Ms. Villano worked remotely just like all of the members of the company. (See Decl. of Chloe Villano, ¶3).  During the entire time Plaintiff worked for Shashamane, LLC, there was only one occasion where most of the company's members were all together in person, and that took place in California at an event regarding a cannabis infused chocolate. (See Decl. of Chloe Villano, ¶4).

While Ms. Villano maintains her permanent residence in Colorado (see Decl. of Chloe Villano, ¶5), she began living in Los Angeles County, California[1] in order to carry out her work for Shashamane, LLC.  (See Decl. of Chloe Villano, ¶6, 19-20 and see the Declaration of Tamborelli ¶2-3).  At first, when Ms. Villano started working for Defendants in March 2021, she was splitting her time between Colorado and California.  (See Decl. of Chloe Villano, ¶6, 20).    But by January 2022, Plaintiff had moved out of her Colorado residence, and had moved full-time to a house in Los Angeles County. (See Decl. of Chloe Villano, ¶6, Decl. of Tamborelli ¶2-3).   Ms. Villano has remained living in Los Angeles County to the present time. (See Decl. of Chloe Villano, ¶6, Decl. of Tamborelli ¶2-3).  To facilitate her living in California, Ms. Villano has used a service called "*iPostal1*" that forwards her mail from Colorado to her in California. (See Decl. of Chloe Villano, ¶7).

Early on in her work for Defendants, Ms. Villano was coming to California

---

[1] Throughout Plaintiff's Opposition and Declarations in support, Plaintiff's residence in California is referred to as being in "Los Angeles County" or in the "Los Angeles area" as Plaintiff does not want to reveal her home address for safety reasons.

regularly to work on business deals, and to court a potential new hires for the company.  (See Decl. of Chloe Villano, ¶8, 13-18).  Since the company was a startup with no deals in place, one of Ms. Villano's duties as CEO once appointed was to explore potential business relationships and bring in deals to Shashamane LLC. (See Decl. of Chloe Villano, ¶9).

Rohan Marley, the founder of Shashamane, LLC encouraged Ms. Villano to move to California in order to secure deals with California companies.  (See Decl. of Chloe Villano, ¶11).  Ms. Villano thus began looking for an apartment in the Los Angeles area, and Mr. Marley told her he would help her move to California. (See Decl. of Chloe Villano, ¶11 and Exhibit H).  Another member of Shashamane, Nico Marley even gave Ms. Villano the name of a real estate agent to help me look for a place to live in California. (See Exhibit A to Decl. of Chloe Villano & ¶12).

There was a huge push at the company to begin making deals in California. Ms. Villano was told to "get California in motion" (See Ex. A to Decl. of Chloe Villano, ¶13), and that "It would be nice to start with California".   (See Ex. B to Decl. of Chloe Villano, ¶13).  Seeking deals in California was the topic of multiple company meetings, and Nico Marley and Ms. Villano were usually assigned the California related work as both lived in California.  (See Decl. of Chloe Villano, ¶16 and see Exhibit D & E).  Nico Marley and Ms. Villano were both assigned to work on a marketing plan for California.  (See Ex. E to Decl. of Chloe Villano, ¶16).

On March 14, 2022, Rohan Marley texted Ms. Villano about a potential licensing deal with a company called "SoXXXX"[2], which was located in the Los Angeles area. (See Ex. G to Decl. of Chloe Villano & ¶17).   This was not an isolated event.  While living in Los Angeles County, Ms. Villano met with multiple representatives of companies about putting together potential licensing deals. (See Decl. of Chloe Villano, ¶¶8, 13, 15-16).  Erick Caggiano, one of the members of

---

[2] Plaintiff is omitting everything but the first two letters of the company name to protect its privacy.

Shashamane, LLC directed Ms. Villano to contact four different cannabis businesses in California. Three other Shashamane employees/members where also assigned to work on cultivating agreements with California cannabis businesses. (See Ex. B to Decl. of Chloe Villano & ¶13).

## II.   ARGUMENT
### A. Court Has Diversity Jurisdiction over the Parties

Diversity jurisdiction in this case is proper pursuant to 28 U.S.C. §1332 since the matter in controversy exceeds $75,000 and the Plaintiff is a citizen of a different state than every other Defendant. The citizenship of Defendant Shashamane LLC is analyzed by looking at the citizenship of each of its members. *Johnson v. Columbia Properties Anchorage*, *LP* (9th Cir. 2006) 437 F3d 894, 899 (the citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members).

The location of a limited liability company's "principal place of business" or its headquarters is irrelevant…it's citizenship for diversity purposes is determined by examining the citizenship of all of its partners or members, not the location of the entity. *Lincoln Property Co. v. Roche* (2005) 126 S.Ct. 606, 610 fn.1

Defendants do not dispute that Diversity Jurisdiction is proper, nor do they dispute that the members of Shashamane, LLC are far flung across the United States. In the Declaration of John Zidziunas, filed in support of Defendants' motion, the residence of the members of Shashamane are listed in paragraph 6. Defendants properly list Plaintiff as domiciled in Colorado. (Declaration of Chloe

Villano ¶5).  However, in the Declaration of Zidziunas, and throughout their motion, Defendants fail to acknowledge that though her permanent residence is in Colorado, Plaintiff lived in California for a substantial portion of the time she worked for Defendants and currently lives in California. (See Declaration of Chloe Villano ¶¶6-8, 11, 18-20 & Declaration of Tamborelli).

Defendants argue that Shashamane LLC had a central location in Florida since that is where Defendant Rohan Marley lives, but in actuality, the company has no central location.  During the time Ms. Villano worked for Shashamane, LLC it was a start up company with no brick-and-mortar location, and Plaintiff worked remotely as did all of the members of the company. (See Declaration of Chloe Villano ¶¶3, 9).  In fact, during the year or so when Ms. Villano worked for Shashamane, there was only one in person meeting with 8 or more of the equity members and that meeting took place in Los Angeles, California. (See Declaration of Chloe Villano ¶4).

**B. Court Has Personal Jurisdiction over Defendants**

  1. **Defendants Had Minimum Contacts With & Actively Did Business in California**

   i. The Applicable Standard

California Code of Civil Procedure § 410.10 provides that a court of this state "may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."  The controlling federal constitutional principle

governing jurisdiction is that a court may assume personal jurisdiction over a nonresident defendant where the defendant's "minimum contacts" with the forum state are sufficient to make the maintenance of the action inoffensive to traditional concepts of fair play and substantial justice. *Sonora Diamond Corp. v. The Superior Court of Tuolumne County* (2000) 83 Cal.App.4th 523, 535, citing *Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310, 320.   Minimum contacts exist where the defendant's conduct in or connection with the forum state is such that the defendant's should reasonably anticipate being subject to suit in the state. Id., at 535, citing *World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 297

One of the most rudimentary requirements for a court to obtain jurisdiction over a foreign corporation is that the corporation is "doing business" in the state at the time the summons is issued. *Carpenter v. Bradford* (1913) 23 Cal.App. 560, 562.

ii. <u>Defendants Exceeded Minimum Contacts with California</u>

At the time Plaintiff worked for Defendant Shashamane LLC, it had no physical location, and all members worked remotely including Plaintiff.  (See Decl. Villano ¶3).   During the span of her employment, including the time she served as the company's CEO, Chloe Villano only ever met with a major portion of the equity members of the company on one occasion and that took place in Los Angeles, California. There was never any such meeting in any other state, including Florida. (See Decl. Villano ¶4).   The equity members of Shashamane who lived outside of

California, including Rohan Marley came to Los Angeles for the meeting regarding a cannabis infused chocolate licensing deal.  (See Decl. Villano ¶3).  While they were here, the members of Shashamane also toured the site of one of California's cannabis companies that were in discussions with Plaintiff and other members of the company at the behest of the company and Rohan Marley himself.  (See Decl. Villano ¶¶4, 8, 11, 13, 15, 16, 17 and See Exhibits A, B, D, E & G thereto).

It was no accident that the first big in-person meeting of the company while Plaintiff was an employee took place in California.  Shashamane had long set its sights on California as a place where it wanted to do business and was doing business as evident by the May 2021 meeting in Los Angeles regarding the infused chocolate licensing deal. (See Decl. Villano ¶¶4, 8, 11, 13, 15, 16, 17 and See Exhibits A, B, D, E & G thereto).    Because the members of Shashamane were so far flung and lacked a centralized location, the group communicated by text messages frequently.  Nico Marley and Erick Caggiano sent out directives to company members giving them assignments via text.  Plaintiff was assigned to contact multiple California cannabis businesses.  (See Exhibit B to Decl. Villano).  Progress of Plaintiff's work in California and summaries of the group's conference calls were also summarized and tracked via group text with the Lion Order group chat.  (See Exhibits C-D to Decl. Villano).    These messages included California prominently.   Plaintiff Villano and Nico Marley were assigned to work on a marketing plan for California.  In the group text it is explicitly stated that the

company was focused on deals in California along with Michigan and Florida. (See Exhibit E to Decl. Villano).

As CEO, Plaintiff was given explicit instructions to focus on making licensing deals with California cannabis companies. (See Decl. Villano ¶13, 15-17 & See Exhibits A, B, E & G thereto). Nico Marley texted Ms. Villano in February 2022 "Let's get Cali in motion" the day after he sent her the phone number of a California real estate agent. (See Exhibit A to Decl. Villano).

Plaintiff was also instructed to court a potential new hire for Shashamane, LLC and met with him and his lawyer in Los Angeles, California. (See Decl. Villano ¶14).

In addition to the above, Defendants encouraged Plaintiff to move to California. (See Decl. Villano ¶11). It was Plaintiff's role with the company to explore business relationships and bring in deals. (See Decl. Villano ¶9). Before starting work for Shashamane, Plaintiff Villano lived in Denver Colorado. Plaintiff began coming to California regularly to work on business deals and to court a potential new hire for the company. (See Decl. Villano ¶8). Defendant Marley encouraged Plaintiff to move to California and offered to help her move to California. (See Decl. Villano ¶11 and Exhibit H thereto). Plaintiff moved to California in January 2022. (See Decl. Villano ¶6).

After January 2022, Shashamane had its CEO living in California and carrying out its business in California. This facilitated Shashamane's agenda of

making deals with California cannabis businesses. (See Decl. Villano ¶¶9,13,16 and Exhibits A, B, C, & E attached thereto). Once in California, Plaintiff was regularly assigned working with potential California partners. (See Exhibits A, E & G to Decl. Villano).

In addition to seeking out deals with Los Angeles area companies, Plaintiff also worked out of her residence in California for Defendants. Plaintiff was contacted by Defendant Marley electronically and sexually harassed. She was physically present in Los Angeles County when much of the harassment occurred. (See Decl. Villano ¶18-20).

Defendants' availed themselves of the business opportunities in California. They had an employee living in California expressly for the purpose of carrying out their business. Defendants assigned Plaintiff work located in California. Furthermore, Plaintiff who was the CEO of Shashamane lived and did business in California. A majority of the equity members of Shashamane were in Los Angeles for its only in person group meeting during Plaintiff's tenure, and even visited cannabis facilities. Defendant actually did business in California, launching a licensing deal for a cannabis infused chocolate product. This Court thus has personal jurisdiction over Defendants.

**C. Venue is Proper in the Central District**

    1.    **California's Fair Employment and Housing Act Has Venue Provision that Permit's Plaintiff's Claims**

California's Fair Employment and Housing Act's ("FEHA") venue provision provides that California courts have jurisdiction of actions brought pursuant to FEHA where the alleged unlawful practice is alleged to have been committed in the State.  Cal. Gov't Code § 12965 (West).   Employees may bring a cause of action for a violation of FEHA even against an employer that is located outside California.  For example, even where an employee did not live in California but performed a significant amount of her work assignments in California while working for Defendants in Nevada, those allegations raised a plausible case for application of FEHA.  *Rulenz v. Ford Motor Co.,* No. 10CV1791-GPC-MDD, 2014 WL 50807, at *4-5 (S.D. Cal. Jan. 7, 2014).  In *Leibman v. Prupes*, the Court stated "[u]nder California law, the relevant inquiry for whether a state law is being applied extraterritorially is not the location of employment ..., but rather whether 'the conduct which gives rise to liability ... occurs in California.' " *Leibman v. Prupes,*  2015 WL 3823954, at *7 (C.D. Cal. June 18, 2015).

It is not uncommon for California's laws to be applied to employers whose employees work within the state even with no express statute such as FEHA's.  The Equal Pay Act has also been extended to cover work performed in California by employees residing in California residents, even where the employer is based out of state.  Eng. v. Gen. Dynamics Mission Sys., Inc., No. EDCV18908JGBSHKX, 2019 WL 2619658, at *10 (C.D. Cal. May 8, 2019), aff'd, 808 F. App'x 529 (9th Cir. 2020).

According to the regulations to FEHA, the litmus test appears to be whether the wrongful conduct occurred in California.  2 CCR §11008(d)(1)

Here, Plaintiff was living in California, with Defendant's knowledge, doing work for Defendants to cultivate business in California.  Further, she was subjected to unlawful harassing actions while performing work for Defendants in California.  FEHA's provisions thus apply to protect her from harassment, discrimination, and retaliation.  Venue is thus proper, and Defendants' Motion to Dismiss should be denied.

**D. Motion to Transfer Venue Should Be Denied**

The court should accord Plaintiff's choice of forum with substantial weight, particularly whereas here, it is her home forum.  *Safarian v. Maserati North America, Inc.,* 559 F.Supp. 2d 1068, 1071.   Furthermore, many of the events at issue took place here in California.  One of the issues in the case will likely be the reason for Plaintiff's termination, and that will likely turn on her job performance.  Since her job focused on seeking out deals with Los Angeles area companies for Shashamane, persons and businesses involved will be at issue.  There will be numerous witnesses that reside in or near Los Angeles, California.

Particularly as here where it was Defendant Rohan Marley that encouraged Plaintiff to move to California for the benefit of Shashamane, LLC, it would be unfair to Plaintiff to now require her to pursue her case across the county in Florida.  Defendants repeatedly claim that Plaintiff lives in Florida because it serves their

current argument that the case should be in a location more convenient to Defendant Marley. However, it should be evident from Plaintiff's Exhibits that Defendants have not been forthright in their arguments to the Court. Defendants gave Plaintiff work assignments located in California. Defendants tasked Plaintiff with creating a marketing plan for California along with Nico Marley who lived in California also. Plaintiff conducted Shashamane's business in California for Shashamane. Although Defendants attempt to deny it, it is clear from Plaintiff's exhibits offered in support of her motion that she lived and worked for Shashamane in Los Angeles County, and Defendants knew it. (See Ex. B, C, F, G & H to Decl. Villano).

Here, where all the members of Shashamane are far flung all over the United States, and there is no central location, interests of justice support denying Defendants' Motion to Change Venue.

### III.  Conclusion

For all of the foregoing reasons, the Court should deny Defendants' Motion to Dismiss Plaintiff's Complaint and the Court should also deny Defendants' request to transfer to the Southern District of Florida in the interest of justice.

DATED: August 21, 2023

Respectfully Submitted,
BARKHORDARIAN LAW FIRM, PLC

_____
Gregory Wong
Vanessa Jarvis
Attorneys for Plaintiff Chloe Villano

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiff Chloe Villano in this matter, certifies that that this brief contains 2,790 words (exclusive of caption, table of contents, table of authorities, signature block, this certification, etc.) which complies with the word limit of L.R. 11-6.1

DATED: August 21, 2023

Respectfully Submitted,
BARKHORDARIAN LAW FIRM, PLC

_____
Gregory Wong
Vanessa Jarvis
Attorneys for Plaintiff Chloe Villano